IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **Cecilia A. Castello,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. |
| ) | |
| **Sudora, LLC, dba Sudora Computer Services,** ) | |
| **and Robert Charles Meyer, Jr.,** *individually,* ) | |
| ) | |
| **Defendants.** ) | |

**VERIFIED COMPLAINT FOR VIOLATIONS OF
THE FAIR LABOR STANDARDS ACT AND MISSOURI MINIMUM WAGE LAW**

**COMES NOW** Plaintiff Cecilia A. Castello (hereinafter, "Plaintiff" or "Ms. Castello"), by and through counsel, and for her Complaint against Defendants Sudora, LLC, dba Sudora Computer Services (hereinafter "Sudora") and Robert Charles Meyer, Jr. (hereinafter "Mr. Meyer") (hereinafter, collectively "Defendants"), states and alleges as follows:

**NATURE OF THE COMPLAINT**

1. Plaintiff Cecilia A. Castello brings this action against Defendants Sudora, LLC and Robert Charles Meyer, under federal and state law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. § 290.500 *et seq*.

2. Plaintiff brings this action against Defendants for unpaid wages, overtime compensation, and related penalties and damages.

3. Defendants' payroll policies and practices were and are in direct violation of the FLSA, 29 U.S.C. § 201, *et seq*.

4. Defendants' payroll policies and practices were and are in direct violation of the MMWL, Mo. Rev. Stat. § 290.500, *et seq*.

5. For said violations, Plaintiff seeks declaratory relief; unpaid back wages; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## **PARTIES**

6. Plaintiff Cecilia Castello is an adult resident of St. Charles, Missouri.

7. Defendant Sudora, LLC is a limited liability company that is incorporated in and maintains its principal place of business in Missouri, and may be reached for service through its registered agent, Robert Charles Meyer, Jr., 11710 Administration Dr., Ste. 26, St. Louis, MO 63146.

8. Upon information and belief, Defendant Robert Charles Meyer, Jr. is an adult resident of St. Louis, Missouri.

## **JURISDICTION AND VENUE**

9. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

10. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claims under state law are so related to Plaintiff's claims under federal law that they form the same case or controversy, pursuant to Article III of the United States Constitution.

11. Defendant Sudora, LLC is a legal entity incorporated in the state of Missouri, with its principal place of business and headquarters in Missouri. Therefore, this Court has personal jurisdiction over Defendant Sudora.

Doc ID: 9434319f9e3ba8c11e8fdd71787e4a999edb9cca

12. Defendant Robert Charles Meyer, Jr. is a resident of Missouri, and, consequently, this court has personal jurisdiction over him.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because all of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL BACKGROUND

14. Defendant Sudora, LLC is a limited liability company that provides information technology services to businesses to clients across Missouri, Iowa, and Ohio under the fictitious business name Sudora Computer Services.

15. Defendant Sudora's primary place of business is in St. Louis, Missouri.

16. Defendant Robert Charles Meyer, Jr. is the owner, sole member, and president of Defendant Sudora, LLC.

17. Defendant Robert Charles Meyer, Jr. and Ms. Castello were married in 2006.

18. Ms. Castello began working for Sudora on December 11, 2006, shortly after marrying Mr. Meyer.

19. Ms. Castello worked as an Office & Payroll Manager for Sudora.

20. In her capacity as Office & Payroll Manager, Ms. Castello coordinated payroll, billing, bookkeeping, and purchasing, audited employee sales reports, managed staffing issues and inquires, and provided IT and customer support for Sudora's clients.

21. For the first twelve years of her employment, Ms. Castello worked in Sudora's primary offices in St. Louis, Missouri from 9:00 a.m. to 6:00 p.m., Monday to Friday, each week.

22. Beginning in August 2018, Defendants reassigned Ms. Castello to work remotely from home.

23. While working from home, Ms. Castello continued to perform all of the duties she had

performed at the office, remotely.

24. Although she did not work in Sudora's main office in St. Louis, Ms. Castello received regular direction from Mr. Meyer and other Sudora personnel via email, phone, and text message, attended all company meetings via conference call, and would work in the office periodically.

25. Althugh Ms. Castello primarily worked from home after August 2018, her duties often required her to travel to provide onsite IT and related services to Sudora's clients, both in and out of the state of Missouri.

26. For instance, in July 2019, Ms. Castello traveled to Ohio to work with a Sudora client for three days.

27. Although working from home provided Ms. Castello with some flexibility in her schedule, she still regularly worked 40 or more hours per week.

28. Because Ms. Castello was equipped to work from home, Mr. Meyer would frequently make her work as late as 9:00 or 11:00 p.m. to handle time sensitive tasks that Mr. Meyer would neglect until last minute.

29. Although Ms. Castello regularly worked at least 40 hours each week while working from home, Defendants did not track her hours from 2018 onward; however, the electronic records of Ms. Castellos' work-related communications, such as e-emails, text messages, and phone calls, all contain time stamps.

30. Due to the integral role Ms. Castello played working for Sudora, she personally interacted and collaborated with every employee who worked for Sudora from 2006 to 2022, including while she was working from home.

31. At no point during the course of Ms. Castello's employment did Defendants provide her

Doc ID: 9434319f9e3ba8c11e8fdd71787e4a999edb9cca

with any kind of compensation for her labor.

32. In Ms. Castello's position with Sudora, she did not have any authority to discipline, hire, or fire technicians, nor were her suggestions as to hiring and firing technicians given any particular weight.

33. In addition, Ms. Castello's job duties were routine and did not allow for any significant independent decision-making or discretion.

34. In or around September 2022, Mr. Meyer initiated divorce proceedings seeking to end his marriage with Ms. Castello.

35. Due to their deteriorated personal relationship, Defendants terminated Ms. Castello's employment on September 20, 2022.

## COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT

36. Ms. Castello realleges and incorporates all allegations above as if actually set forth herein.

37. At all relevant times, Defendants were "employers" and "enterprises" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

38. Although Ms. Castello and Mr. Meyer were spouses, Defendants do not qualify for the family business exception to the FLSA because Defendants did not solely employ Mr. Meyer's immediate family members.  *See* 29 U.S.C. § 203(s)(2).

39. At all relevant times, Defendants "employed" Ms. Castello within the meaning of the FLSA, 29 U.S.C. § 203(d).

40. At all relevant times, Mr. Meyer exercised the authority to: (a) hire and fire employees of Sudora; (b) determine the work schedules of the employees of Sudora; (c) determine the wages of the employees of Sudora; and (d) control the finances and operations of Sudora.  *See*

*White v. 14051 Manchester Inc.,* 301 F.R.D. 368, 388 (E.D. Mo. 2014) (outlining the economic realities test for determining if an individual is an employer under the FLSA).

41.  Given the level of control exerted over the operations of Sudora, Mr. Meyer was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

42.  The FLSA requires each covered employer, including Defendants, to compensate all non-exempt employees at a rate not less than $7.25 per hour for each hour worked. 29 U.S.C. § 206(a)(1).

43.  The FLSA requires each covered employer, including Defendants, to pay non-exempt employees an overtime premium of at least one-and-one-half times their regular rate of pay. 29 U.S.C. § 207(a)(1).

44.  At all relevant times, Ms. Castello was a non-exempt employee within the meaning of the FLSA, 29 U.S.C. § 213.

45.  Defendants failed to pay Ms. Castello any compensation for any of the hours she worked for the entirety of her employment.

46.  Although Ms. Castello lived in her and Mr. Meyer's marital home for the entirety of her employment, and worked from their marital home from August 2018 onward, Sudora did not "customarily furnish[]" board, lodging, or "other facilities" to its employees.  Therefore, such lodging and related comforts do not constitute a "wage" for purposes of the FLSA.  29 U.S.C. § 203(m)(1).

47.  As a result of Defendants' failure to compensate Ms. Castello at a rate not less than $7.25 per hour for each hour worked, Defendants have violated the FLSA, 29 U.S.C. § 206(a)(1).

48.  Defendants failed to pay Ms. Castello an overtime premium of at least one-and-one-half

Doc ID: 9434319f9e3ba8c11e8fdd71787e4a999edb9cca

times minimum wage for all hours worked in excess of forty in a workweek through the entirety of her employment.

49. As a result of Defendants failure to pay Ms. Castello an overtime premium of at least one-and-one-half times minimum wage for all hours worked in excess of forty in a workweek, Defendants have violated the FLSA, 29 U.S.C. § 207(a)(1).

50. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

51. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## COUNT II- VIOLATION OF THE MISSOURI MINIMUM WAGE LAW

52. Ms. Castello realleges and incorporated all allegations above as if actually set forth herein.

53. At all relevant times, Defendants were employers, pursuant to the MMWL. Mo. Rev. Stat. § 290.500(4).

54. At all relevant times, Ms. Castello was a covered employee pursuant to the MMWL. Mo. Rev. Stat. § 290.500(3).

55. At all relevant times, Mr. Meyer exercised the authority to: (a) hire and fire employees of Sudora; (b) determine the work schedules of the employees of Sudora; (c) determine the wages of the employees of Sudora; and (d) control the finances and operations of Sudora. *See White,* 301 F.R.D. at 388.

56. Given the level of control exerted over the operations of Sudora, Mr. Meyer was an "employer" within the meaning of the MMWL. Mo. Rev. Stat. § 290.500(4); *see also White,* 301 F.R.D. at 388–90 (assigning personal liability to individual defendants under the MMWL

7

using the same standards as the FLSA).

57. The MMWL requires employers, including both Defendants, to pay employees a minimum wage that was set at $8.60 per hour in 2019 and increased yearly at a rate of $0.85 per hour until it reached a rate of $12.00 per hour on January 1, 2023.  Mo. Rev. Stat. § 290.502(3).

58. From December 2006 to September 2022, Defendants willfully failed and refused to provide Ms. Castello any compensation for her labor.

59. Defendants have, therefore, violated the MMWL. Mo. Rev. Stat. § 290. 502(3).

60. The MMWL requires employers, including Defendant, to pay employees for hours worked over forty in a work week "a rate not less than one and one-half times the regular rate at which he is employed." Mo. Rev. Stat. § 290.505 (1).

61. From December 2006 to September 2022, Defendants willfully failed and refused to pay Ms. Castello an overtime premium of at least one-and-one-half times minimum wage for all hours worked in excess of forty in a workweek.

62. As a result of Defendants' failure to compensate Plaintiff at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant has violated the MMWL, Mo. Rev. Stat. § 290.505 (1).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Cecilia A. Castello prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and MMWL;

2. Pre-judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages, treble damages, compensatory and punitive damages in an amount to be determined at trial;

Doc ID: 9434319f9e3ba8c11e8fdd71787e4a999edb9cca

4.  An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

5.  Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

                Respectfully submitted,

                s/*Philip E. Oliphant*
                Philip E. Oliphant, Bar Number: 25990TN
                THE CRONE LAW FIRM, PLC
                88 Union Avenue, 14th Floor
                Memphis, TN 38103
                901.737.7740 (voice)
                901.474.7926 (fax)
                poliphant@cronelawfirmplc.com

                *Attorney for Plaintiff*

Doc ID: 9434319f9e3ba8c11e8fdd71787e4a999edb9cca

## DECLARATION AND VERIFICATION

     I, **Cecilia Castello**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendants, but in sincerity and truth for the causes mentioned in the Complaint.

*Cecilia A Castello*
**Cecilia Castello**

Date: 02 / 08 / 2024

10

Doc ID: 9434319f9e3ba8c11e8fdd71787e4a999edb9cca

   Audit trail

| | |
|---|---|
| **Title** | Castello Complaint |
| **File name** | 2024.02.07 Castel...ied Complaint.pdf |
| **Document ID** | 9434319f9e3ba8c11e8fdd71787e4a999edb9cca |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

## Document History

**SENT** — **02 / 07 / 2024** 15:56:36 UTC-6
Sent for signature to Cecilia Castello (alexcastelloj@gmail.com) from jlc@cronelawfirmplc.com
IP: 173.166.195.225

**VIEWED** — **02 / 08 / 2024** 13:55:16 UTC-6
Viewed by Cecilia Castello (alexcastelloj@gmail.com)
IP: 35.144.67.127

**SIGNED** — **02 / 08 / 2024** 14:37:44 UTC-6
Signed by Cecilia Castello (alexcastelloj@gmail.com)
IP: 35.144.67.127

**COMPLETED** — **02 / 08 / 2024** 14:37:44 UTC-6
The document has been completed.

Powered by Dropbox Sign