UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CECILIA A. CASTELLO, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:24-cv-00205-MTS |
| SUDORA, LLC, *et al.*, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss. Doc. [12]; *see also* Fed. R. Civ. P. 12(b)(1). The issues are fully briefed. For the reasons that follow, the Court will deny the motion. *See Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (discussing motion to dismiss for lack of subject matter jurisdiction standard in factual attack); *see also In re Holtzclaw*, 634 B.R. 920, 926 (Bankr. D.S.C. 2021) (assertion that court lacks subject matter jurisdiction over certain causes of action because they fall within the "domestic relations exception" to federal jurisdiction is a facial attack).

**I.  Background**

Plaintiff Cecilia Castello brings this action for unpaid wages against her former employers, Defendant Sudora, LLC and Defendant Robert Meyer, Jr., asserting violations of the Fair Labor Standards Act ("FLSA") and the Missouri Minimum Wage Law ("MMWL"). Doc. [1] at 1–11. Defendant Sudora is a limited liability company that provides information technology services to its clients, and Defendant Meyer is the owner, sole member, and president of Defendant Sudora. *Id.* at 3. Plaintiff and Defendant Meyer were married in 2006. *Id.* Plaintiff alleges that she worked for Defendants as an office and payroll manager from 2006 until 2022 and that Defendants did not compensate Plaintiff for her work at any time during her employment. *Id.* at 3–5. In September

2022, Defendant Meyer initiated divorce proceedings and terminated Plaintiff shortly thereafter due to their deteriorated personal relationship. *Id.* at 5.

Defendants have filed a Motion to Dismiss, arguing that the Court lacks jurisdiction over this action due to the domestic relations exception. Doc. [12]. They assert that Plaintiff's claims are inextricably intertwined with the state divorce proceeding because any damages Plaintiff recovers in this action will affect the distribution of marital property in the pending divorce proceeding. Doc. [13] at 3–4. Defendants also argue that Plaintiff's claims are improperly split from the divorce proceeding because "the 'parties, subject matter and evidence' necessary to resolve these claims are identical in both cases." *Id.* at 4–5. Finally, Defendants assert that Plaintiff is time-barred from seeking unpaid wages for work performed prior to February 8, 2024, because her FLSA and MMWL claims are subject to three-year statutes of limitations. *Id.* at 5–7.

Plaintiff opposes the motion, arguing that the instant lawsuit involves wage and hour laws that are unrelated to the domestic relations disputes at issue in the divorce proceeding. Doc. [14]. at 2–4. Plaintiff contends that the evidentiary issues in this case are her job duties, the hours she worked, and her lack of compensation, all of which are irrelevant to the divorce proceeding. *Id.* Thus, she argues that the Court will not be required to modify, nullify, or predetermine the domestic ruling of the state proceeding to grant the relief she seeks. *Id.* Plaintiff acknowledges that her FLSA and MMWL claims are subject to three-year statutes of limitations and states that she seeks no damages outside that period. *Id.* at 4.

## II.   Discussion

### A. The Domestic Relations Exception

The domestic relations exception "'divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child support,' including 'the

distribution of marital property.'" *Crain v. Crain*, 72 F.4th 269, 277 (8th Cir. 2023) (quoting *Wallace v. Wallace*, 736 F.3d 764, 766 (8th Cir. 2013)). Generally, the United States Court of Appeals for the Eighth Circuit applies the domestic relations exception "only in narrow circumstances." *Id.* (citing *Lannan v. Maul*, 979 F.2d 627, 631 (8th Cir. 1992)). "[A] federal suit is 'inextricably intertwined' with a state domestic proceeding, thereby depriving the federal court of subject matter jurisdiction, where the requested federal remedy overlaps the remedy at issue in the state proceeding." *Wallace*, 736 F.3d at 767.

Defendants contend that the domestic relations exception divests this Court of jurisdiction, but the domestic relations exception applies only to diversity jurisdiction, not federal question jurisdiction. *See Marshall v. Marshall*, 547 U.S. 293, 305–08 (2006) (explaining that the domestic relations exception arose from the statutory construction of the diversity statute); *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 20–21 (2004) (Rehnquist, C.J., concurring) (clarifying that the "domestic relations exception . . . is a limiting construction of the statute defining federal diversity jurisdiction"), *abrogated in part on other grounds by Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014); *United States v. Crawford*, 115 F.3d 1397, 1401–02 (8th Cir. 1997) (limiting the domestic relations exception to diversity jurisdiction cases involving divorce, alimony, and child custody). Because this case arises under FLSA, this Court has federal question jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Even if the domestic relations exception could be applied in a case arising under federal law, this case does not ask the Court to issue or modify a divorce, alimony, or child custody decree, and the unpaid wages Plaintiff seeks are not inextricably intertwined with the distribution of property in the pending divorce proceeding. *See Marshall*, 547 U.S. at 308 (stating that "only

3

'divorce, alimony, and child custody decrees' remain outside federal jurisdictional bounds" (quoting *Ankenbrandt*, 504 U.S. at 703–04)).

### B. Improper Claim Splitting

The rule against duplicative litigation or claim splitting is distinct from but related to the doctrine of res judicata. *See Kezhaya v. City of Belle Plaine*, 78 F.4th 1045, 1050 (8th Cir. 2023) (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–40 (2d Cir. 2000)). "Like res judicata, the rule against duplicative litigation seeks to promote judicial economy and to protect parties from vexatious and duplicative litigation over the same subject matter." *Id.* (citing *Curtis*, 226 F.3d at 138-39). "But unlike res judicata, which requires entry of a final judgment before it applies, the rule against duplicative litigation permits the dismissal of a duplicative action while the first action remains pending." *Id.* (citing *Curtis*, 226 F.3d at 138, 140); *see also Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011) ("[T]he test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit.").

In determining whether to dismiss a case for improper claim splitting, the Court considers "whether the parties to the actions are the same and whether the claims arise from the same nucleus of operative fact." *Id.* (citing *Scholz v. United States*, 18 F.4th 941, 952 (7th Cir. 2021)). "Under federal common law, the doctrine of res judicata . . . applies when . . . 'both suits involve the same parties (or those in privity with them)'. . . ." *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018) (quoting *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998)). "[W]hether two claims are the same for res judicata purposes depends on whether the claims arise out of the same nucleus of operative fact or are based upon the same factual predicate." *Id.* (alteration in original) (quoting *Murphy v. Jones*, 877 F.2d 682, 684–85 (8th Cir. 1989)); *see also Poe v. John Deere Co.*, 695 F.2d 1103, 1106 (8th Cir. 1982) ("[W]e have looked to whether or not proof of the same facts

4

will support both actions, or to whether the wrong for which redress is sought is the same in both actions."). "A plaintiff's claims derive from a common nucleus of operative fact if the 'claims are such that he would ordinarily be expected to try them all in one judicial proceeding.'" *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 350 (8th Cir. 2007) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

Here, Defendants have not shown that Plaintiff's FLSA and MMWL claims are improperly split from the state divorce proceeding. Although some overlap exists between the two proceedings, they do not rely upon the same nucleus of operative facts. *See Kezhaya*, 78 F.4th at 1050. In this lawsuit, the alleged wrong for which Plaintiff seeks redress is Defendants' failure to compensate her during her employment. To succeed, Plaintiff will need to present evidence of the work she performed for Defendants, the number of hours she worked for Defendants, and Defendants' failure to compensate her for her work. By contrast, in the divorce proceeding, Plaintiff and Defendant Meyer are seeking to dissolve their marriage based on unspecified irreconcilable differences, and they are requesting an equitable distribution of their marital and non-marital property. Contrary to Defendants' assertion that "[t]he same parties are arguing over the same marital property and how the assets should be distributed in two different suits," Doc. [17] at 3, this lawsuit is predicated on a different kind of alleged wrong than the divorce proceeding, and the requested relief is not the same. *See Poe*, 695 F.2d at 1106; *Elbert*, 903 F.3d at 782.

### III. <u>Conclusion</u>

In sum, the domestic relations exception does not apply, and this lawsuit is not duplicative of the state divorce proceeding. Thus, the Court will deny Defendants' Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, Doc. [12], is **DENIED**.

Dated this 24th day of January 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE